Matter of Ehrlich (2020 NY Slip Op 00589)





Matter of Ehrlich


2020 NY Slip Op 00589


Decided on January 29, 2020


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
SHERI S. ROMAN, JJ.


2019-02053

[*1]In the Matter of Richard E. Ehrlich, admitted as Richard Eugene Ehrlich, an attorney and counselor-at-law. (Attorney Registration No. 2091908)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on December 10, 1986, under the name Richard Eugene Ehrlich. By order to show cause dated March 14, 2019, the respondent was directed to show cause why an order should not be made and entered pursuant to 22 NYCRR 1240.13 imposing discipline upon him for the misconduct underlying the discipline imposed by an order of the Supreme Court of the State of New Jersey, filed October 4, 2018, and an order of the Supreme Court of the State of Florida dated February 16, 2017, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court.



Gary L. Casella, White Plains, NY (Forrest Strauss of counsel), for Grievance Committee for the Ninth Judicial District.
Richard E. Ehrlich, Coral Springs, Florida, respondent pro se.



PER CURIAM.


OPINION & ORDER
By order of the Supreme Court of the State of Florida dated February 16, 2017, the respondent was suspended for 90 days, effective March 1, 2017.
The respondent was admitted to the Florida Bar on February 19, 1991.
Florida Proceedings 
The underlying facts are set forth in a Conditional Guilty Plea for Consent Judgment dated December 7, 2016 (hereinafter Consent Judgment). The respondent submitted the Consent Judgment prior to the filing of a formal complaint. Beginning in or around August 2011, through approximately mid-2014, the respondent operated a business under the auspices of his law firm, Ehrlich & Franz, offering services for those seeking loan modifications on residential mortgages. The respondent employed nonlawyers to do the loan modification related work. For the most part, all communication with the clients was done by the nonlawyer employees. One of the employees, Joe Sagarra, engaged in obtaining clients in Maryland, who were improperly charged upfront retainer fees, as neither the respondent nor his law partner, William Mathew Franz, were licensed to practice law in that state. The respondent mistakenly believed the upfront fees were proper and the retainer agreements provided for a refund in the event a loan modification could not be obtained. When the respondent was made aware of Bar complaints filed against him, Sagarra was terminated and the loan modification business began the process of winding down its operations. For the most part, the respondent (and Franz) fully refunded the money paid by the respective complainants after they received the Bar complaints. Those refunds totaled approximately $89,500. In certain cases, the respondent (and Franz) believed full restitution was not appropriate due to the work performed. The [*2]respondent (and Franz) have now agreed to make full restitution by refunding all remaining funds received from the complainants, which total $9,355.
In the Florida proceedings, the respondent admitted that the above conduct violated Rules Regulating the Florida Bar rules 4-1.3 (diligence), 4-1.4 (communication), 4-1.5(a) (fees and costs for legal services), 4-5.3(b) (responsibilities regarding nonlawyer assistants), 4-5.5 (unlicensed practice of law; multijurisdictional practice of law), 4-7.18 (direct contact with prospective clients), and 4-8.4(a) (misconduct). The respondent asserted various mitigation: (1) absence of a prior disciplinary record; (2) absence of a dishonest or selfish motive; (3) timely good faith effort to make restitution or to rectify the consequences of misconduct; (4) full and free disclosure to the disciplinary board and cooperative attitude toward proceedings; and (5) character and reputation.
The Consent Judgment was approved by the Florida Bar. By order dated February 16, 2017, the Supreme Court of the State of Florida approved the Consent Judgment, and suspended the respondent for 90 days. By the same order, the respondent was directed to pay restitution in the amounts of $2,500 to Jose Vera, $2,270 to Reynaldo Cruz, $700 to Doris Arias, $1,400 to Oscar Menjivar, $1,000 to Luis Alvarez, and $1,485 to Grimelda Torres. By order dated March 1, 2017, the 90-day suspension was made effective March 1, 2017.
New Jersey Proceedings 
The respondent was admitted to the New Jersey Bar on December 22, 1986. By order filed October 4, 2018, the Supreme Court of the State of New Jersey reciprocally suspended the respondent from the practice of law for three months, effective November 2, 2018, based on the order of suspension of the Supreme Court of the State of Florida.
New York Proceedings 
By order to show cause dated March 14, 2019, this Court directed the respondent to show cause why discipline should not be imposed upon him in this state pursuant to 22 NYCRR 1240.13, based on the misconduct underlying the discipline imposed by the order of the Supreme Court of the State of New Jersey, filed October 4, 2018, and the order of the Supreme Court of the State of Florida, dated February 16, 2017, by filing an affidavit in accordance with 22 NYCRR 1240.13(b) with the Clerk of this Court.
In response, the respondent asserts that the attorney who represented him in the Florida proceedings notified all jurisdictions in which the respondent was admitted regarding the Florida suspension, and that any lack of notice to this Court was inadvertent. As for any of the enumerated defenses to the imposition of reciprocal discipline (see 22 NYCRR 1240.13[b]), the respondent asserts none, nor does he otherwise seek to be heard.
Findings and Conclusion 
Based on the foregoing, we find that reciprocal discipline is appropriate based on the findings and conclusions of the Supreme Court of the State of Florida, and conclude that a six-month suspension from the practice of law is warranted based on the disciplinary action taken against him in Florida.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and ROMAN, JJ., concur.
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Richard E. Ehrlich, admitted as Richard Eugene Ehrlich, is suspended from the practice of law for six months, effective February 28, 2020, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than July 28, 2020. In such application (see 22 NYCRR 1240.16, 691.11), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(c)(3), and (4) otherwise properly conducted himself; and it is further,
ORDERED that during the period of suspension and until further order of this Court, the respondent, Richard E. Ehrlich, admitted as Richard Eugene Ehrlich, shall comply with this Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Richard E. Ehrlich, admitted as Richard Eugene Ehrlich, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, [*3]clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Richard E. Ehrlich, admitted as Richard Eugene Ehrlich, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court